LOIS THELEN, APPELLANT, v. J. C. PENNEY CO., APPELLEE.

180 N. W. 2d 693

Filed October 30, 1970. No. 37554.

Daniel G. Dolan of Lathrop & Albracht, for appellant.

Edwin Cassem of Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

This is an action under the Workmen's Compensation Act to recover for an alleged injury said to have been sustained on January 25, 1968. Hearing was had before one judge of the Workmen's Compensation Court and rehearing before the court sitting en banc. Recovery was denied in both instances and the judgment affirmed on appeal to the district court. We affirm the judgment of dismissal.

Plaintiff was a stockroom employee of defendant J. C. Penney Company. On January 25, 1968, a chair collapsed under her while in defendant's employ. She maintains she sustained a back injury as a result of this incident. She first consulted a doctor in June 1968, and steadily continued in her employment until August when she entered a hospital. The doctor's record shows she

was complaining of severe back pain. X-rays were taken and a myelogram given which were found to be normal with the exception of a congenital defect in that she had two sacral segments instead of the normal one. She was released without the source of her trouble being located. Her doctor reported that she "was not hospitalized in August 1968 as a result of accident on January 25, 1968"; and that: "We were not aware of any disability due to this accident." She was again hospitalized in October 1968, at which time orthopedic specialists and specialists in internal medicine and surgery were called in. She was then operated upon, a cyst removed from an ovary, her appendix removed, and a loosened and twisted bowel condition corrected. The medical record shows "pain subsided following surgery." She subsequently consulted another orthopedic specialist who referred her to a neurologist. The neurologist was the only medical expert who testified. He indicates he examined plaintiff in December 1968, and examined the myelogram and X-rays previously taken. He found no pathological symptoms of a back injury with the exception that she complained of pain in the lower back, displayed tenderness in that area, and had a slight limitation of movement of the leg. On examination of the myelogram and X-rays previously taken, the neurologist disagreed with plaintiff's other physicians and maintained that they showed a herniated disc between the first and second sacral vertebrae which resulted from her January 25, 1968, fall. He states that the narrow space between these vertebrae indicates a damaged disc, but concedes that in a normal back, there is no space between them as they have grown together. He then qualified his statement that plaintiff had a herniated disc by saying: "I said that there is a narrowing of the disc space and that we see narrowing with herniation of a disc." He treated her in a hospital for several days and never saw her again. His report states: "Fortunately she responded adequately to conservative ther-

apy." He also concedes that it is possible a bowel condition such as plaintiff had could cause back pain which would disappear when the condition was corrected. Plaintiff's history, as given to the neurologist, indicates she first had back pains 2 months after the accident.

"The burden is on a plaintiff in a workmen's compensation case to prove a right of recovery." Hula v. Soennichsen, 178 Neb. 484, 134 N. W. 2d 47. All of the doctors whose reports appear in this record were employed by the plaintiff herself. None of these doctors, with the exception of the neurologist, give the slightest intimation that plaintiff is suffering from a condition caused by her fall while in defendant's employ. On the contrary, their reports tend to conflict with such a conclusion and one specifically denies that the condition is related to her fall. The testimony of the neurologist that she sustained a herniated disc as a result of the fall was seriously impeached and is not convincing.

We conclude that the Workmen's Compensation Court was correct in concluding that plaintiff had failed to sustain her burden of proof and affirm the judgment for defendant entered in the district court.

AFFIRMED.